# CLARENCE KOPICHKE v. FAE KOPICHKE.[1]

April 26, 1918.

No. 20,794.

**Divorce — findings sustained by evidence.**

Action for divorce on the ground of desertion. Defendant denied the desertion and prayed for divorce on the ground of cruel and inhuman treatment. The trial court denied the prayer of both parties. Appeal by plaintiff from an order denying his motion for a new trial. *Held*: The trial judge was in better position than an appellate court to decide what action to take. The material findings of fact are sustained by the evidence. The failure to receive in evidence letters offered by plaintiff was not prejudicial. [Reporter.]

Action in the district court for Renville county for divorce on the ground of desertion. The facts are stated in the opinion. The case was tried before Daly, J., who made findings and denied the divorce. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*J. M. Freeman* and *L. J. Lauermann*, for appellant.

*Murray & Baker*, for respondent.

PER CURIAM.

Plaintiff brought this action against his wife, asking a divorce on the ground of desertion. She answered, denying desertion and asking that she be granted a divorce on the ground of cruel and inhuman treatment. The trial court found that neither party was entitled to a divorce. Plaintiff appealed from an order denying his motion for a new trial. Defendant did not appeal.

Plaintiff challenges the findings of fact as not sustained by the evidence, claims that there was error in not admitting in evidence certain letters, and insists that the evidence shows that defendant wilfully deserted him.

[1]Reported in 167 N. W. 1047.

It is the kind of a case where the trial judge was in a much better position that we are to decide what ought to be done. We have considered the evidence with care, and reach the conclusion that it sustains the decision that defendant was justified by plaintiff's conduct toward her in leaving him. The material findings of fact are sustained by the evidence. We see no error, at least no prejudicial error, in refusing to receive in evidence the letters offered by plaintiff.

Affirmed.